FILED
NOV 1 4 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS NAGEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:18-cv-02454 (UNA) |
| v. ) | |
| ) | |
| CITY OF NEW YORK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiffs' *pro se* complaint ("Compl.") and joint application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because, under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The complaint, in its current form, is nearly incomprehensible. Plaintiffs, residents of New Zealand, have filed a prolix and haphazard complaint. Compl. at 1–2.[1] They sue approximately 49 defendants, many of whom are not identified. *Id.* at 3–16, 19–24. They attempt to bring claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, the Fourth Amendment, the Equal Protection Clause, the New York Constitution, the New York Penal Code, the U.S. Criminal Code, the United Nations Human Rights Convention, and unnamed "U.S. Treaties." *Id.* at 17. Plaintiffs allege that defendants have engaged in "organized criminal and tortious conduct, including conspiracy [to] murder for hire and systematic violations of the US/State Constitutions

---

[1] The Court relies on the ECF-generated page numbers for all references to the complaint.

1

and treaties [and] illegally took all financial, human [ ] property assets, except for life itself [,] estimated at $100,000,000." *Id.* at 18. Among other allegations, they allege that defendants have placed electronic devices through "urinary tract implantations and otherwise." *Id.* at 24. They also claim that defendants were hired to kill their sons. *Id.* at 35. Plaintiffs request $300,000,000 in damages, indeterminate injunctive relief, and a "referral for prosecution." *Id.* at 36

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

The instant complaint satisfies this standard and warrants dismissal with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate Order accompanies this Memorandum Opinion.

Date: November ___, 2018

United States District Judge

2